IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOE H. STANFORD, JR., | : |
| Petitioner | : |
| VS. | :     **1 : 05-CV-32 (WLS)** |
| DANNIE THOMPSON, Warden, | : |
| Respondent. | : |

## RECOMMENDATION

The petitioner filed the above-styled federal habeas corpus petition attacking his 2005 Ben Hill guilty plea convictions.  Presently before the court is the respondent's Motion to Dismiss for Lack of Exhaustion, in which the respondent asserts that none of the grounds raised by the petitioner for federal habeas relief have been exhausted in the state court system, as the petitioner has not pursued a discretionary appeal or state habeas petition.  The petitioner has not responded to this motion, despite an order issued by the court instructing him as to the consequences of failing to respond to the motion.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar

state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978).  State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory."  Hart v. Estelle, 634 F.2d 987, 989 (5th Cir. 1981).

     Inasmuch as the petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of January, 2006.

    /s/ **Richard L. Hodge**
    RICHARD L. HODGE
    UNITED STATES MAGISTRATE JUDGE

asb